IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY ALAN FOX,  )
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,  )
　　　　　　　　　　　　　　　　)
　　　v.  ) Civil Action No. 15-67
　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, ACTING  )
COMMISSIONER OF SOCIAL SECURITY,  )
　　　　　　　　　　　　　　　　)
　　　　Defendant.  )

O R D E R

AND NOW, this 10th day of May, 2016, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to provide sufficient reasons for discounting the medical opinion of Plaintiff's treating physician in

1

formulating Plaintiff's residual functional capacity ("RFC"); and (2) improperly rejecting the opinion of Plaintiff's therapist in determining Plaintiff's RFC. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion rendered by treating physician Kevin Leighton, M.D., from February, 2013. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court finds that the ALJ did not fail to provide sufficient reasons for discounting Dr. Leighton's opinion, nor did he substitute his own lay analysis for the judgment of Dr. Leighton in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Leighton's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 404.1527. In fact, the ALJ specified that he was giving Dr. Leighton's opinion "little weight" only after engaging in an extensive discussion of Plaintiff's treatment records with the doctor. (R. 21-22). After summarizing those records, the ALJ concluded that, while evidence of Plaintiff's impairments "all support a finding of some work-related restrictions, the fairly limited objective findings, significant non-compliance issues, and generally conservative treatment, do not indicate an inability to perform a range of light work." (R. 22). Later on in his decision, the ALJ reviewed Dr. Leighton's opinion as to Plaintiff's physical limitations, which included a limitation of no more than three hours of sitting in an eight-hour workday and no more than three hours of standing or walking in an eight-hour workday, a restriction as to repeated lifting of only up to ten pounds, as well as a requirement, often, to take additional breaks during the day, and noting that Plaintiff has 20-30 "bad days per month during which [his] symptoms are increased and [he] would not be able to complete an 8 hour work shift." (R. 545). Again, the ALJ explained that, "as discussed above, objective findings have been limited, the claimant has been highly non-compliant with treatment of conditions such as diabetes, and Dr. Leighton's treatment notes give no indication of the assessed level of limitation." (R. 23).

2

The Court further notes that the opinion of Dr. Leighton at issue here consists of a one-page "Physical Capacity Evaluation" that was simply filled out by the doctor. (R. 545). The form largely consists of options to circle or check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that Dr. Leighton's opinion lacks significant discussion, explanation, or details to justify his statements contained therein. Regardless, the Court finds, however, that the ALJ sufficiently explained his reasons for giving Dr. Leighton's opinion less than controlling weight.

Moreover, in determining Plaintiff's physical RFC, the ALJ also addressed the opinion of state medical consultant Paul Fox, M.D., who reviewed Plaintiff's records and assessed him as being capable of performing light work with further postural and environmental limitations. (R. 22). The ALJ noted that Dr. Fox highlighted Plaintiff's routine and conservative treatment and wide range of daily activities. (R. 22). However, the ALJ found that, while Dr. Fox's opinion "is consistent with the medical evidence showing no disabling physical impairment, this opinion by Dr. Fox is given only some weight, because he fails to account for all the claimant's severe physical conditions, in combination, which I find give rise to greater postural limitations." (R. 22). Accordingly, the ALJ assessed Plaintiff as having greater limitations than those found by Dr. Fox, including his preclusion from "more than occasional balancing, crouching, or climbing of ramps and stairs due to his combined impairments." (R. 22).

As a side argument, Plaintiff asserts that if the ALJ had questions regarding any impairments or symptoms or about the consistency of the medical opinions of record, the ALJ should have arranged for an additional medical examination, enlisted review by another medical expert, or re-contacted the medical experts in the record to seek additional information. It is true that an ALJ has a duty to develop a full and fair record in a Social Security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). In this case, however, the ALJ clearly fulfilled his duty. Here, the records contained several medical opinions, including opinions by Plaintiff's treating physician and his therapist, opinions based on consultative physical and mental examinations, an opinion by a state psychiatric consultant based on a review of Plaintiff's records, and the ALJ also considered a lay statement by Plaintiff's wife. Furthermore, nothing in the record indicates that Plaintiff or his counsel requested an additional examination, and at no point during the administrative hearing itself—during which Plaintiff was represented by, and questioned by, counsel—did Plaintiff's counsel indicate that any additional evidence needed to be included in the record. Nothing in the record, therefore, demonstrates that the ALJ failed to fulfill his duty in this case.

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss Dr. Leighton's opinion, as well as the other opinion evidence addressing Plaintiff's physical impairments that was presented in the record. The Court finds that substantial evidence supports the ALJ's evaluation of that opinion evidence and his decisions as to the weight he gave to those opinions in making his ultimate determination.

Plaintiff's second argument is that the ALJ did not properly weigh the opinion of Plaintiff's therapist, Judith Leininger, M.Ed., LPC, in formulating Plaintiff's RFC. (R. 544). More specifically, Plaintiff contends that the ALJ erred in claiming that the underlying treatment records do not support Ms. Leininger's opinion, and that the ALJ erred in giving Ms. Leininger's opinion "little weight" because she is not considered to be an "acceptable medical source" under the Social Security guidelines. As to whether the record supports her opinion, the Court notes that the ALJ discussed Ms. Leininger's therapy notes and various findings at some length, but ultimately explained that "[w]hile they support a finding of some work-related limitations due to the claimant's mental impairments, they also indicate that he continued to be engaged in a range of activities, with references to developing a website, watching documentaries, taking a trip to Detroit, doing photography, looking into possible job opportunities, taking his daughter to the movies, and writing articles." (R. 23). The ALJ thus appropriately gave "little weight" to Ms. Leininger's opinion (which found that Plaintiff would occasionally have difficulty interacting with supervisors and coworkers during an eight hour workday, would often have difficulty managing even a low stress work environment and maintaining concentration, pace and task during an eight hour workday, and would experience approximately 30 days per month during which his symptoms are increased and would not be able to complete an 8 hour shift). (R. 544). Here again, as with the evaluation filled out by Dr. Leighton, the opinion of Ms. Leininger consists of a one-page "Mental Status Evaluation" form that was simply filled out by the therapist. (R. 544). Remarkably similar to the form filled out by Dr. Leighton, the form filled out by Ms. Leininger largely consists of options to circle or check and blanks to be filled in by hand. As noted, supra, such form reports "are weak evidence at best." Mason v. Shalala, 994 F.2d at 1065. Therefore, the Court notes that Ms. Leininger's opinion does not include significant discussion, explanation, or details to justify her statements. Nevertheless, the Court finds that the ALJ sufficiently weighed Ms. Leininger's opinion in formulating his RFC.

Additionally, the ALJ specifically recognized that, although Ms. Leininger is not an "acceptable medical source" for purposes of determining Social Security disability benefits, "this is not a controlling consideration when dealing with a functional limitation opinion, versus a diagnosis," but that "it is a relevant consideration when weighing such an opinion." (R. 24). Thus, because 20 C.F.R. § 404.1513(a) provides that one of the factors to be considered in considering opinion evidence is "[w]hether the source has a specialty or area of expertise related to the individual's impairment(s)," the ALJ was permitted to consider whether Ms. Leininger is a "specialist about medical issues related to . . . her area of specialty." See 20 C.F.R. § 404.1527(c)(5); SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Moreover, while the ALJ preliminarily mentioned this factor in his analysis, he emphasized that, "more importantly, [Ms. Leininger's] mental status evaluation form provides little basis for her conclusions, and the claimant's treatment records and therapy notes do not suggest a disabling level of impairment." (R. 24). Thus, the Court finds that the ALJ properly considered Ms. Leininger's opinion.

Furthermore, in evaluating Plaintiff's mental limitations, the ALJ also considered the opinions of consultative examiner Julie Uran, Ph.D., and state psychiatric consultant Valorie Rings, Psy.D. In his decision, the ALJ described in some detail the findings of Dr. Uran, who conducted a thorough psychiatric evaluation of Plaintiff and assessed him as having primarily slight or moderate work-related restrictions. (R. 24-25). The ALJ explained that Dr. Uran's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

opinion was from an acceptable medical source, but, "more importantly, her assessment is well-reasoned and well-supported, not only by her own detailed examination report, but also by the overall evidence, to include the underlying therapy treatment notes." (R. 25). The ALJ further noted that Dr. Uran's assigned GAF score and functional assessment are largely reflected in his RFC. (R. 25). In contrast, the ALJ gave the assessment of Dr. Rings, who found Plaintiff to have only moderate or not significant limitations with regard to all work-related functional areas, only "some weight." While the ALJ found the opinion of Dr. Rings to be consistent with the overall evidence in showing no disabling level of mental impairment, he disagreed with her finding that Dr. Uran's assessment was an overstatement of Plaintiff's limitations. (R. 25). Thus, the ALJ gave Dr. Uran's assessment, which found Plaintiff to have greater limitations than those found by Dr. Rings, greater weight, and found it to be more consistent with the overall evidence. (R. 25).

In sum, upon review, the Court finds that the ALJ properly discharged his duty to address not just Dr. Leighton's opinion, or Ms. Leininger's opinion, but also the other opinions presented in the record. Throughout his decision, the ALJ clearly considered all the relevant evidence in the record, provided discussion of the evidence to support his evaluation, and ultimately concluded that certain opinions of record were not supported by the evidence as a whole. Thus, the Court finds that substantial evidence supports the ALJ's evaluation of the various opinions presented and his decisions as to the weight he gave to those opinions in making his ultimate determinations regarding Plaintiff's RFC. Accordingly, the Court affirms.

5